**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MANUEL VELEZ,**
**GABRIEL SANTIAGO**

          **Plaintiffs,**

   **-vs-**                                         **Case No. 6:10-cv-1448-Orl-22GJK**

**AUDIO EXCELLENCE, INC.,**

          **Defendant.**
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 40)** |
| **FILED:** | **September 19, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** and the case dismissed with prejudice. | |

Plaintiffs and Defendant renew their joint motion (the "Motion") for the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. No. 40; *see also* Doc. No. 36. The Court denied the parties' previous motion for approval of the settlement agreement (the "Prior Motion") because the Agreement was not executed by all the parties, Manuel Velez's answer's

to the Court's interrogatories (Doc. No. 14) indicated that he had compromised his claims, and because the parties failed to comply with *Bonetti v. Embarq Management Co.*, 2009 WL 2371407 at *5 (M.D. Fla. Aug. 4, 2009). Doc. No. 37 at 4-6.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

        (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

        In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id.*[2] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

In this case, the parties agreed to settle Plaintiffs' claims in exchange for a release of all claims for a total sum of $10,000.00, representing $3,489.70 payable for Manuel Velez's unpaid overtime wages and liquidated damages, $277.80 payable for Gabriel Santiago's unpaid

---

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.
[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.
[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

overtime wages and liquidated damages, and $6,232.50 payable to Plaintiffs' counsel for attorneys' fees and costs. Doc. No. 40-1 at 2-3. In the Agreement attached to the Motion, all parties executed the Agreement. Doc. No. 40-1 at 4-5.

In the Motion, Plaintiffs state that under the Agreement, they "have been paid in full without compromise." Doc. No. 40 at 1. Plaintiffs acknowledge that in Manuel Velez's answers to the Court's interrogatories, he estimated that his total damages were $3,935.30, which are greater than the $3,489.70 he accepted under the Agreement. *See* Doc. Nos. 40 at 1; 14 at 2. However, Plaintiffs maintain that at the time the answers to the Court's interrogatories were filed, Plaintiffs did not yet have all of the relevant pay and time records. Doc. No. 40 at 3. Therefore, Plaintiffs assert that the $3,935.30 figure represented in the answers to the Court's interrogatories was based on an estimate of weekly earnings. Doc. No. 40 at 3. After receiving all of the payroll records, Plaintiffs recalculated Mr. Velez's damages, which resulted in the $3,489.70 figure. Doc. No. 40 at 3. Thus, Plaintiffs maintain that Mr. Velez is receiving 100% of the damages owed, including liquidated damages. Doc. No. 40 at 3-4. The Court finds that this is a reasonable explanation of why Mr. Velez has not compromised his claims.

In the Motion, Plaintiffs do not specifically address opt-in plaintiff Gabriel Santiago's damages. *See* Doc. No. 40. In the Prior Motion, the parties state:

> Plaintiff, Gabriel Santiago, has agreed to accept a total of $277.89 as payment of his overtime damages, <u>which will compensate Plaintiff in full, without compromise</u>. It will be payable by $138.94 less applicable withholdings and deductions, representing Actual Damages and $138.94, from which no withholdings should be taken, representing Liquidated Damages.

Doc. No. 36 at 3 (emphasis added). However, in Mr. Santiago's answers to the Court's interrogatories, he claimed a total of $542.10 damages, representing $271.05 in actual damages

and $271.05 in liquidated damages. Doc. No. 15 at 2. It is reasonable to assume that because Plaintiffs' respective answers to the Court's interrogatories (Doc. Nos. 14-15) were both filed on the same day, Mr. Santiago's damages claimed therein were based on the same faulty assumptions as Mr. Velez's original calculations. Moreover, in both the Prior Motion and the Motion, Plaintiffs state that they have been fully compensated. *See* Doc. Nos. 36 at 3; 40 at 1. The Court sees no reason not to accept Plaintiffs statements. Accordingly, it is recommended that the Court finds that the Plaintiffs have not compromised their claims under the FLSA.

As set forth above, *Lynn's Foods* requires a court to determine whether a plaintiff's compromise of their claims is fair and reasonable. 679 F.2d at 1352-55. In the present case, Plaintiffs have not compromised their claims and the Court "need not scrutinize the settlement further to consider whether the payment to [plaintiff's] attorney, the hourly rate claimed by [plaintiff's] attorney, or the costs claimed by [plaintiff's] attorney are reasonable." *See Granger v. Water Sports Management, Inc.*, Case No. 6:08-cv-1283-Orl-31KRS, 2009 WL 1396286 at *2 (M.D. Fla. May 18, 2009). Thus, the concerns espoused by *Silva* are not applicable to this case. Accordingly, it is recommended that the Court find the Agreement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Foods*, 679 F.2d at 1354.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 40);
2. **DENY** all pending motions as moot; and
3. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**DONE and ORDERED** in Orlando, Florida on September 21, 2011.

*/s/ Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented parties